**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

IN RE: ALEXANDRIA IRON & SUPPLY CORPORATION          CASE NO. 18-80408
-----------------------------------------------------------------------------------------------------------------------
**MOTION TO SELL AT PUBLIC AUCTION IMMOVABLE PROPERTY OF THE ESTATE**
-----------------------------------------------------------------------------------------------------------------------

Now into Court, through undersigned counsel, comes the Trustee of the above matter who respectfully represents:

*Jurisdiction*

1.

This action is brought under the Bankruptcy Code as amended by the Bankruptcy Amendments and Federal Judgeship Act of 1984, P.L. 98-353, and the Bankruptcy Judges, U.S. Trustees and Family Farmer Bankruptcy Act of 1986, P.L. 99-554, the Bankruptcy Reform Act of 1994, P.L. 103-394 and The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA) Pub. L. 109-8, as amended.

2.

This Court has the power and authority to consider this matter in accordance with 28 U.S.C. 1334 and 28 U.S.C. 157. In addition, 11 U.S.C. 363, and Rule 7001, et. seq., of the Federal Rules of Bankruptcy Procedure. This is a "core proceeding" within the meaning of 28 U.S.C. 157(b). The statutory basis for this Motion is set forth in Federal Rule of Bankruptcy Procedure 6004, and Section 363 of Title 11 of the U.S. Code.

*Background*

3.

This case was commenced by the filing of a voluntary petition seeking relief pursuant to Chapter 7, on April 20, 2018, by Alexandria Iron & Supply Corporation (the "Debtor").

4.

Thomas R. Willson was named, qualified and appointed as the Chapter 7 Trustee of the above named debtor and he continues to serve as such.

5.

At the time of the filing of this case the Debtor was the owner of, or had an ownership interest in, several tracts of immovable property located in the City of Alexandria, Louisiana. None of the tracts were encumbered with a lien or other encumbrances, to the best of the Trustee's knowledge, information and belief.

*Purpose*

6.

Mover seeks to sell all of the tracts of immovable property at public auction which tracts are described hereinafter and all of which are located in Rapides Parish, Louisiana.

7.

Some of the properties have environmental issues, and all of them are deteriorating, some no longer have structures due to fire and vandalism, and there is no insurance on the same. To the best of the Trustee's information all ad valorem taxes have been paid and are in current status.

8.

Mover has consulted with agents of Barbara Bonnette Auction Company and they have agreed to attempt to sell all the property at public auction, via internet and the Trustee believes it would be in the best interests of the estate and all parties in interest.

*Object of Sale*

9.

The properties to be sold are located in Rapides Parish, Louisiana, and consists of all immovable property owned by the debtor, including that more specifically described as follows:

(1) **Tract One** - A certain piece, parcel or tract of land, together with all buildings and improvements thereon, and all rights, ways and privileges thereunto appertaining, being, lying, and situated in Rapides Parish, Louisiana, and being more particularly described as follows:

Lot (2) and the adjacent ½ of Lot Three (3) of Ariail Marye Addition (Old South Alexandria Addition) as described in Conveyance Book 1130, Page 275, and Conveyance Book 1238, Page 721, of the records of Rapides Parish, Louisiana.

(2) Lot fronting 95 feet on Ariail Street and being more fully described as per Conveyance Book 1253, Page 731, of the records of Rapides Parish, Louisiana

(3) West one half (1/2) of Lot Three (3), Square Twelve (12) of Arial Marye Addition (Old South Alexandria Addition) as per Plat Book 2, Page 115, LESS AND EXCEPT that portion sold in Conveyance Book 851, Page 166, of the records of Rapides Parish, Louisiana.

10 feet by 25 feet, being the alley and more fully described as per Conveyance Book 851, Page 166, of the records of Rapides Parish, Louisiana.

(4) 3.74 acres more or less, fronting 993.15 feet on Ariail Street, being portions of Lots 6, 7, 10, and 12 of Rock Island Addition and adjacent one-half (1/2) of revoked Ariail Street and being more fully described as per Conveyance 738, Book 219, and Conveyance Book 1447, Book 792, of the records of Rapides Parish, Louisiana.

1.06 acres, more or less, fronting 171.38 feet on 5th Street, being a portion of Lots 2 & 10 of Rock Island Addition and being more fully described as per Conveyance Book 933, Book 571, of the records of Rapides Parish, Louisiana.

(5) Lot being 388 feet on Araial Street and one-half (12) of revoked Araial Street and being more fully described at Conveyance Book 1447, Page 792, or records of Rapides Parish, Louisiana.

(6) 2.15 acres being all of Lot Twelver (12) of Araial Marye Addition (Old South Alexandria Addition) Less and Except Lots 1, 2, and 3 and adjacent one-half (1/2) of revoked Ariaial Street, 7th and 8th Street.

(7) Lot Seven (7) of Square Seventeen (17) of Ariail Marye Addition (Old South Alexandria Addition) and adjacent one-half (1/2) of revoked Alley and adjacent one-half (1/2) of Ariail Street

Lot Ten (10) and portion of Lot Eleven (11) of Square Seventeen (17) of Ariail Addition (Old South Alexandria Addition) and adjacent one-half (1/2) of revoked alley

(8) 1.13 acres more or less fronting 130.4 feet on 3rd Street and being a portion of Lots Eight (8) and Nine (9) of Rock Island Addition and being more fully described as per Conveyance Book 1111, Page 278, of the records of Rapides Parish, Louisiana.

(9) 129.82 feet on 5th Street by 403 feet on Ariail Street and being more fully described as per Conveyance Book 1182 Page 747 of the records of Rapid3es Parish, Louisiana.

100 feet on Ariail Street by 129.08 feet on 5th Street and being more particularly descried as per Conveyance Book 1182, Page 747, of the records of Rapides Parish, Louisiana.

(10)  1.38 acres, more or less, being the North Half (1/2) of Square Seventeen (17) of Ariail Marye Addition (Old South Alexandria Addition) being Lots A through ZZ and the adjacent one-half (1/2) of revoked alley and one-half (1/2) of revoked Ariail and 8th Street.

(11) 2.72 acres, more or less, fronting Willow Glen Road, being situated in Section Two (2) Township Four (4) North Range One (1) West, as described in Conveyance Book 1156, Page 637

(12) 4.2 acres, more or less, fronting on Willow Glen Road, being situated in Section Two (2) Range One (1) West as described at Conveyance Book 1156, Page 637

*Warranty*

10.

The Purchaser shall buy the Property "as is, where is." The sale shall be without any warranty or recourse whatsoever, even as to return of the purchase price, but with full substitution and subrogation to all rights and actions of warranty against all preceding owners.

11.

The "as is" sale is to be understood as follows which is a condition of the sale and which language describing the same as set forth below will be contained in any deed transferring title to the assets, to-wit:

"The Property is sold **AS IS, WHERE IS**, with all faults and without any warranties, express or implied, even as to return of the purchase price, including, without limitation, warranties of ownership, peaceable possession, condition, fitness for a particular use, or habitability. Purchasers acknowledges that Seller has made no representation, warranty or guaranty, express or implied, oral or written, past, present or future, of, as to, or including: (a) the ownership of the Property, (b) the condition or state of repair of the Property, including, without limitation, any condition arising in connection with the generation, use, transportation, storage, release or disposal of hazardous substances (which includes all substances listed as such by applicable law, all pollutants or contaminants, whether harmful or not, petroleum and natural gas and their components and distillates, asbestos and naturally-occurring but harmful substances such as methane or radon) on, in, under, above, upon or in the vicinity of the Property; (c) the quality, nature, adequacy, and physical condition of the Property, including, without limitation, the structural elements, environmental issues, appurtenances, access, landscaping, parking facilities and the electrical, mechanical, plumbing, sewage, and utility systems and facilities; (d) the quality, nature, adequacy and physical condition of soils and geology and the existence of ground water; (e) the existence, quality, nature, adequacy and physical conditions of utilities serving the Property; (f) the development potential of the Property, its habitability, marketability, or the fitness, suitability or adequacy of Property for any particular use or purpose; (g) the zoning or other legal status of the Property; (h) the Property or its operations' compliance with any applicable

codes, laws, rules, regulations, statutes, ordinances, covenants, conditions, and restrictions of any governmental or quasi-governmental entity or of any other person or entity; (i) the quality of any labor and materials; and (j) the condition of title and the nature, status and extent of any servitude, permit, right-of-way, or lease, right of redemption, possession, lien, encumbrance, license, reservation, covenant, condition, restriction, and any other matter affecting title.

Purchasers hereby acknowledge and declare reliance solely on Purchaser's own examination, inspection and evaluation of the Property and the ownership of the Property, and not on any warranties or representation, whether express or implied or written or oral, from Seller. Any and all warranties, whether express or implied, with respect to the Property, including without limitation those related to ownership or merchantability of the Property or fitness of the Property for a particular purpose, are hereby disclaimed by Seller and expressly waived by Purchasers.

Purchasers shall have absolutely no right or cause of action against Seller, whether in tort, contracts, quasi-contract or otherwise, to assert in any controversy or litigation any claim or demand arising from the sale or purchase of, or in any way related to or in connection with, the Property, and the same are hereby waived and relinquished by Purchasers. Purchasers shall also defend (with counsel satisfactory to Seller), indemnify Seller for, and hold Seller harmless from and against, any and all claim, loss, cost, damage, expense or other liability (including reasonable attorneys' fees, including fees on appeal) arising out of ownership of the Property, and condition of the Property or any other matter relating to the Property.

Purchasers hereby expressly waive and renounce, any and all rights in redhibition pursuant to Louisiana Civil Code Article 2520, *et seq.*, the warranties imposed by Louisiana Civil Code Article 2475, and the ability of Purchasers to rescind the sale of the Property or seek a reduction in the sales price for any reason whatsoever, and the Purchasers hereby release Seller from any and all liability whatsoever in connection therewith.

Purchasers hereby acknowledge that (i) the foregoing waivers and disclaimers have been brought to the attention of Purchasers, (ii) the foregoing waivers and disclaimers have been read and are understood by Purchasers, (iii) the agreement of Purchasers with and to the terms and conditions of these waivers and disclaimers is an integral part of this sale, without which this sale would not have been entered into by Seller, and (iv) the sales price reflects, and takes into consideration, the foregoing waivers and disclaimers."

12.

The Trustee is informed that the 'property' described contains environmental hazards, including arsenic, chromium, iron, lead, vanadium, zinc, aluminum, calcium, sodium, lead acid, rubber, plastic battery case chips, ground ebonite, sulfuric acid and lead contaminated soil.

13.

The above information concerning the "as is" nature of the sale applies to any offer determined to be the last and highest valid offer.

### *Auction Procedures*

14.

Due to the questionable value of the properties involved, Barbara Bonnette Auction Company has agreed to conduct the auction by internet only, however physical inspection of the property can be obtained by contacting Barbara Bonnette Auction Company in sufficient time prior to the date of the auction to allow for the same.

15.

Additionally, it is requested that the court authorize the auction will be conducted at such time and such manner as the auctioneer deems appropriate. Further debtor requests authority for the auctioneer to fix a minimum bid, deadlines for making bids, discretion to determine the last and highest bidder, and the ability to fix the manner of payment of all successful bids, i.e. cash, electronic transfer, etc.

16.

The Trustee will file with the Court a report of the auctioneer at a time sufficient to prepare and receive the same after the completion of the auction.

17.

Should the successful bidder (last and highest bidder) fail to pay the amount of the successful bid within seventy-two (72) hours after the completion of the auction, the Trustee seeks authority to apply for an ex parte order setting aside the last and highest bid and finding the next highest bid to be the successful bid.

### *Authority for the Requested Action*

18.

Debtor seeks authority to sell these assets of the estate under 11 U.S.C. 363(f) and Federal Rule of Bankruptcy Procedure 6004.

19.

The Trustee has attempted to market the property through traditional means and this court authorized the retention of a relator/broker in order to do so. To date no offer has been received and the Trustee believes the property cannot be disposed of in any other manner than by sale at public auction. The property remains largely vacant and is being vandalized and occupied by vagrants and animals, several of the properties are a public nuisance and continued possession of the same by the estate is not in the best interest of the debtor's estate or any party in interest. Moreover, the sale of the Property is an integral part of the duties of the Trustee.

20.

With regards to the Purchaser at the auction, the ultimate sales price will be reached through competitive bidding. By definition, value received through such an auction process is fair and reasonable.

21.

The Trustee therefore recommends the sale to the highest bidder as being in the best interests of the estate.

*Free and Clear*

22.

The property will be sold free of liens and encumbrances with the liens and encumbrances to attach to the proceeds of this sale, in order to be able to deliver a good, valid and merchantable title to the purchaser of this property.

23.

Section 363(f) of the Bankruptcy Code permits the Trustee to sell property free and clear of another party's interest in the property if:

(1) applicable non-bankruptcy law permits sale of such property free and clear of such interest;
(2) such entity consents;
(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
(4) such interest is in bona fide dispute; or
(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction if such interest.

24.

The following are believed to have encumbrances affecting the above described property, to-wit:

(a.) Louisiana Department of Environmental Quality

(b.) Texas Commission on Environmental Quality

25.

The claims of the above shall be released from the Property, only insofar as they apply to the above described Property to be sold, and such Claims shall be referred to the proceeds of the sale for further proceedings in this Court.

26.

The Trustee requests that the sale of the Property, upon closing, shall: (i) be a legal, valid and effective transfer of the Property to the Purchaser, and (ii) vest the Purchaser with all right, title and interest of the estate in and to the Property free and clear of all (a) mortgages, security interests, privileges, conditional sale or other title retention agreements, pledges, liens, judgments, demands, encumbrances, easements, lis pendens, restrictions or charges of any kind or nature, if any, including any restrictions on the use, voting, transfer, receipt of income or other exercise of any attributes of ownership (the foregoing collectively referred to herein as "Liens") and (b) debts arising in any way in connection with any acts of Debtor, claims (as that term is defined in the Bankruptcy Code), obligations, demands, guaranties, options, rights, commercial commitments, executory contracts, unexpired leases, employment agreements, restrictions, rights of lesion beyond moiety, co-owner, community property or other spousal

rights, tort claims, product liability claims, interest and matters of any kind and nature, whether arising prior or subsequent to the commencement of this case, and whether imposed by agreement, understanding, law, equity or otherwise (the foregoing collectively referred to as "Claims" herein).

27.

The Trustee requests that the Court authorize and direct the Clerk and Recorder of Mortgages or Clerk of Court of Rapides Parish or other public officials to cancel and release the Property from the effect of all liens and encumbrances shown in the public records only insofar as they attach to the Property.

*Carve Out*

28.

The Trustee has agreed to pay the fees and expenses of the Auctioneer as authorized by the order allowing for retention of the auctioneer. The Trustee seeks an order of the Court incorporating the terms of employment of the auctioneer into this order and allowing for the payment of the fees and expenses of the Auctioneer, without further proceedings, as an expense of the sale, to be deducted from the sales price and paid at the time of closing.

*Liens and Encumbrances*

29.

According to the records of the Clerk of Court for the Parish of Rapides, State of Louisiana, the following liens have been recorded and purport to encumber the property:

NONE other than adverse alienations as set forth in the attached documents.

January 4, 2008, filed and recorded January 7, 2008, at Mortgage Book 2357, Page 797, of the records of Rapides Parish, Louisiana.

SECOND: Mortgage in favor of The Evangeline Bank & Trust dated September 17, 2010, filed and recorded December 16, 2010, at Mortgage Book 2573, Page 230, of the

records of Rapides Parish, Louisiana.

THIRD: Mortgage in favor of The Evangeline Bank & Trust dated July 2, 2014, filed and recorded July 9, 2014, at Mortgage Book 2811, Page 514, of the records of Rapides Parish, Louisiana.

30.

All the usual and customary charges incurred and paid at closing should be authorized to be paid, including pro rata ad valorem taxes, the seller's portion of closing costs, and the costs of redemption of any parcel previously sold for unpaid taxes or other charges.

### *Finality of Sale*

31.

Any order issued granting this sale should be determined to be a final order and implemented forthwith in accordance with the provisions of Federal Rule of Bankruptcy Procedure 6004.

### *Relief Requested*

32.

The Debtor seeks authority to sell the property to the last and highest bidder at a public auction, with the auctioneer to be paid from the proceeds of the sale, and without further order of this court.

Wherefore, the Trustee prays that, after due proceedings, judgment be entered:

(a.) authorizing the sale of the described property at public auction, to the last and highest bidder, and
(b.) authorizing the sale on the terms set forth above, as being in the best interest of the estate, and
(c.) declaring the order to be a final order and implemented forthwith in accordance with the provisions of Federal Rule of Bankruptcy Procedure 6004,
(d.) declaring the sale to be free of any claims or liens, with the liens to attach to the sales proceeds, and

(e.) authorizing the payment of auctioneer's fee and costs, as well as payment of the estate's share of the usual and customary expenses of the sale, without further order of court.

**LAW OFFICE OF,**

**/S/ THOMAS R. WILLSON**
**THOMAS R. WILLSON (#13546)**
**Attorney for Trustee**
**1330 Jackson Street**
**Alexandria, Louisiana 71301**
**Telephone:　318.442.8658**
**Telecopier:　318.442.9637**
**Email:rocky@rockywillsonlaw.com**